UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CHAD-ALAN: HEATH**                                                       **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:22-CV-340-GNS**

**LARUE COUNTY SHERIFFS OFFICE**                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil action initiated by Plaintiff, identifying himself as Chad-Alan: Heath. Plaintiff filed a motion for motion for leave to proceed *in forma pauperis*. Upon review, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 3) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the complaint (DN 1), Plaintiff names the "Larue County Sheriffs Office" as the Defendant in this action. In the "Statement of Claim" section of the complaint form, Plaintiff writes *in toto*:

> Employees of defendant/agency intentionally trespassed and wrongfully arrested claimant and case number was not valid and had not citation # or charges.

> In the "Relief" section of the complaint form, Plaintiff writes:

> $44,000,000.00 due to the following unlawful actions that have and are damaging/injuring claimant: personal injury of mental anguish, personal injury to

2

>reputation, criminal trespass, battery without weapon, unlawful arrest, false imprisonment, damage to intangible personal property of emotional distress.

Plaintiff attaches 113 pages of unexplained documents to the complaint (DN 1-2). Although the Court is not required to comb through these 113 pages to find facts that "support" Plaintiff's claims, it appears that most relate to what is known as the sovereign citizen movement.

Upon review of the complaint itself, the Court finds that it lacks sufficient factual matter to state a claim upon which relief may be granted. It does not contain allegations pertaining to the material elements of any viable legal theory; rather, it sets forth only legal conclusions devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678.

Moreover, although it is not clear why Plaintiff attached most of the documents to the complaint, courts have repeatedly rejected arguments made upon the theory of sovereign citizenship as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *see also Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) ("Trevino's legal arguments, including that Florida has no jurisdiction over him because he is a 'natural born, free living, breathing, flesh and blood human being' and that he must be released because Florida breached a security agreement with him, are frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Muhammad v. Smith*, No. 3:13-cv-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (stating that sovereign citizen and redemptionist theories have been repeatedly rejected as frivolous by the courts and rejecting as "legally frivolous" plaintiff's attempt

to "avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities . . .").

For these reasons, the Court will dismiss this action by separate Order as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), respectively, and for failure to comply with the notice-pleading requirements of Fed. R. Civ. P. 8(a).

Date: July 25, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Larue County Attorney
4416.011